UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAHMAN TABIBI, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-3459 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner, an inmate in the Estelle Unit of the Texas Department of Criminal Justice-Correctional Institutions Division, filed this action seeking habeas corpus relief from a disciplinary conviction at the same unit. (Docket No. 1.) After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed.

### BACKGROUND AND CLAIMS

Petitioner asserts that he was denied due process of law in disciplinary proceeding number 20130326944 on July 24, 2014, for refusing to obey an order. (Id.) Petitioner states that he was found guilty of the alleged violation and was assessed punishment of thirty days lost good-time credit, approximately seventy days of solitary confinement, forty-five days of recreation restriction, and a reduction in line class status. (Id.) Petitioner indicates in his petition that he is not eligible for mandatory supervision. (Id. at 5.) Petitioner also states, and public records confirm, that Petitioner was convicted of aggravated assault with a deadly weapon in the 372nd Judicial District Court of Tarrant County, Texas, and was sentenced to six years

imprisonment. (Id.) TDCJ-CID Website.[1] Under Texas law, an inmate is not entitled to release to mandatory supervision if he has previously been convicted of aggravated assault under Section 22.02 of the Texas Penal Code. TEX. GOV'T CODE ANN. § 508.149(a)(7) (Vernon 2009).

## ANALYSIS

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, cell restriction, and temporary solitary confinement are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.* Moreover, a reduction in a prisoner's classification status and the potential impact on good-time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

To challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good time credits *and* be eligible for mandatory supervised release. *Id.* Because Petitioner is not eligible for mandatory supervised release, he has no constitutionally protected liberty interest in such release. Accordingly, no cognizable federal habeas claim is raised in this petition.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[1] http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=07230143 (viewed December 4, 2014).

2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated above, the Court has determined that Petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Petitioner's application for writ of habeas corpus (Docket No. 1) is DENIED.

2. This action is DISMISSED with prejudice for failure to state a claim.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

SIGNED at Houston, Texas, this 4th day of December, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE